IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CARL ARMON PERKINS                                                                                          PLAINTIFF

v.                                                    CIVIL NO. 24-5111

MARTIN J. O'MALLEY, Commissioner
Social Security Administration                                                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Carl Armon Perkins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on November 9, 2020, alleging an inability to work since December 1, 2014, due to a stroke, high blood pressure, short- and long-term memory loss, vertebral problems in the neck and dementia. (Tr. 75, 124, 250, 257, 265, 339). For DIB purposes, Plaintiff maintained insured status through June 30, 2022. (Tr. 50, 285). An administrative telephonic hearing was held on April 11, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 48-65).

1

By written decision dated July 26, 2023, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 18). Specifically, the ALJ found Plaintiff had the following severe impairments: a spine disorder, coronary arteriosclerosis, a neurocognitive disorder, bipolar disorder, somatic symptom disorder, and attention-deficit/hyperactivity disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant is limited to occasionally climbing, balancing, crawling, kneeling, stooping, and crouching; frequently reaching overhead bilaterally; understanding, remembering, and carrying out simple instructions; responding to supervision that is simple, direct, and concrete; and having occasional interaction with supervisors, co-workers, and the public.

(Tr. 19). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a cloth folder, a shipping weigher, and a garment sorter. (Tr. 38).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on March 21, 2024. (Tr. 1-7). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 11, 13, 14).

## II.     Applicable Law:

The court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154

(2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the court must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520 416.920.

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

In the present case, the ALJ determined Plaintiff maintained the RFC to perform light work with limitations that include understanding, remembering, and carrying out simple instructions; responding to supervision that is simple, direct, and concrete; and having occasional interaction with supervisors, co-workers, and the public. (Tr. 19). In doing so, the ALJ found the November of 2021, opinion of consultative examiner, Richard D. Back, PhD., was not persuasive "as it is

generally only supported by the claimant's subjective allegation and is not consistent with the conservative findings on mental status examination." (Tr. 36, 3816-3822). A review of Dr. Back's assessment revealed Plaintiff's report of experiencing migraine headaches, a depressed mood, low energy, and memory problems. After evaluating Plaintiff, Dr. Back diagnosed Plaintiff with somatic symptom disorder, with predominate pain; dysthymia; minor vascular neurocognitive disorder, and a mild intellectual disorder. With respect to adaptive functioning, Dr. Back opined that Plaintiff had marked limitations with communicating and interacting in a socially adequate manner, coping with typical mental/cognitive demands of basic work-like tasks, and attending and sustaining concentration on basic tasks unpersuasive.

A review of the 5,860-page transcript revealed that in September of 2017, Plaintiff experienced a transient ischemic attack with subsequent medical records revealing Plaintiff experienced another transient ischemic attack, non-ST-elevation myocardial infarctions, and cerebrovascular accidents over a six-year time span. Of particular concern to the undersigned are the MRIs and CT scans of Plaintiff's brain revealing microvascular ischemic disease[1] and extensive white matter disease,[2] both of which, provide objective evidence supporting Plaintiff's reports of memory problems and headaches as Plaintiff reported to Dr. Back. (Tr. 3539, 3899, 4235, 4270, 5208, 5236, 5239). The Court acknowledges that the ALJ also had the March of 2022, and August of 2022, opinions of the non-examining medical consultants, who opined Plaintiff could perform unskilled work, before him when determining Plaintiff's RFC; however, it is unclear

---

[1] Microvascular ischemic disease is an umbrella term that refers to a variety of changes in the small blood vessel of the brain that can cause a range of complications from difficulty focusing to a stroke. *See* https://my.clevelandclinic.org/health/diseases/22927-microvascular-ischemic-disease.

[2] White matter disease is an umbrella term for damage to a white matter in the brain caused by reduced blood flow to tissue which can cause issues. Symptoms can include memory problems and mood changes. *See* https://my.clevelandclinic.org/health/diseases/23018-white-matter-disease.

from the record whether these non-examining consultants had all of the relevant medical records before them when assessing Plaintiff's capabilities. (Tr. 74, 137). After reviewing the record, the Court finds remand necessary for the ALJ to more fully and fairly develop the record with respect to Plaintiff's alleged neurological and neurovascular impairments for the time period in question.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.    Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of December 2024.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE